GIOVANNI IACONO *vs.* WALTER F. FITZPATRICK, *C. T.*
GIOVANNI IACONO, *Admr. vs.* SAME.

JUNE 3, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, J.J.

FLYNN, C. J. These two cases were brought respectively
by Giovanni Iacono, individually, and Giovanni Iacono as
administrator, to recover from the treasurer of the city of
Providence damages for personal injuries resulting in the
death of Gennaro Iacono, minor son of Giovanni Iacono.
Both cases purported to have been brought under general
laws 1923, chapter 333, sec. 14, and they were tried together
before a justice in the superior court sitting with a jury.
At the conclusion of all the evidence, the trial justice
granted the defendant's motion in each case for a directed
verdict. They are before us on the plaintiffs' exceptions

to such rulings and on three other exceptions, to the exclusion of certain evidence offered by the plaintiff during the trial. As the cases were tried together and as the exceptions are identical in each case, we shall hereafter consider them as one case.

The evidence discloses that Gennaro Iacono, the deceased, was a young man almost seventeen years of age, being over six feet tall and the son of Giovanni Iacono, the plaintiff in one of these actions. On Thanksgiving Day, November 29, 1934, together with eight or ten other youths of about the same age, he was engaged in playing a game of "touch football" on a municipal playground located between Tell and Gesler streets in Providence. The playground adjoined a primary school and was operated by the city only during the summer months, and then only to serve small children up to the age of twelve or thirteen years. It contained sand-boxes, swings, slides and a small merry-go-round. The playground was fenced, with gates which ordinarily were locked, and the city at this time had removed practically all of the movable equipment, including the merry-go-round. There was left standing a permanent cement base used for the merry-go-round, in the center of which was a cylinder or post into which the piston or pivot of the merry-go-round was placed when in operation. This cylinder or metal post was three or three and one-half feet high and four inches in diameter; and, together with sand-boxes and permanent supports for swings, presented obvious obstructions protruding above the surface of the playground.

According to the testimony of a witness, who was engaged in the game with the deceased, the ball was kicked off to the deceased. He started to run backwards as the ball was going over his head and was not within his reach. Other players shouted a warning to him as he was approaching the post, but he half turned while continuing to look at the ball in the air, and without looking, stopping or heeding the warning, crashed into the pivot post, receiv-

ing injuries in the nature of a ruptured intestine from which, it was testified, peritonitis set in and caused his death.

The plaintiff's contentions under his first three exceptions need not be discussed in detail upon their merits. The first exception relates to the exclusion of testimony offered substantially to support the contention that the plaintiff was an invitee and not a trespasser. The second and third exceptions deal substantially with an attempt to introduce testimony of a witness and the plaintiff, concerning their knowledge of a past custom of the city's servants on other playgrounds, and perhaps on the playground in question, with reference to the care and removal of certain equipment after the summer.

All of them deal with the exclusion of evidence which at most would tend to establish some element or inference bearing upon the defendant's alleged negligence. Solely for the purposes of this opinion, we may assume, to the extent indicated by the plaintiff's offer of proof, that such evidence was properly in the case and consider the fourth exception upon all the evidence, including that which was excluded during the trial.

The fourth exception to the ruling of the trial justice, granting the defendant's motion for direction of a verdict in his favor, must be considered with reference to the two counts of the plaintiff's declaration. The first count substantially charged the defendant with negligence resulting in the injuries and death of Gennaro Iacono; and the second count alleges substantially that the defendant created and maintained a condition of nuisance on the playground which resulted in Gennaro's personal injuries and death.

Assuming that the plaintiff was an invitee and that there was evidence, if viewed most favorably to the plaintiff on the motion to direct, tending to show negligence on the part of the defendant as alleged in the first count, the plaintiff did not thereby make out a case for determination by

the jury. The burden was upon the plaintiff also to show that the deceased was in the exercise of due care and was not guilty of contributory negligence as a matter of law.

An examination of all the evidence leads reasonably and fairly to but one conclusion, namely, that the plaintiff's intestate was fully aware of the presence of the post in the playground from his playing there on previous visits; that he ran against the post carelessly without looking or taking any care whatever and in spite of warnings from his fellow players. Moreover, if we can assume that the post constituted a defect of any kind in the premises, it was entirely obvious at all times and was actually known to the plaintiff's intestate. The transcript discloses no evidence which would be sufficient in law to excuse him from the exercise of due care in looking where he was going. There is no evidence that the plaintiff's intestate on that occasion relied upon the absence of the post or upon any supposed custom of the defendant in covering it. On the contrary, it shows that the post was obvious and that he knew of its presence. Therefore, regardless of any custom on other playgrounds, or even on this playground in other years, the plaintiff would not be excused from using ordinary care for his own safety. From any point of view, the evidence clearly shows that he did not exercise the care required of him in the circumstances and that such lack of due care was the proximate cause of the accident and injuries which resulted in his death. Therefore, the trial justice was not in error in directing a verdict for the defendant on the first count.

But the plaintiff also relied on his contention and allegations in the second count that the defendant created and maintained a condition of nuisance which resulted in the injuries and death of the plaintiff's intestate. However, we are clearly of the opinion that the evidence here discloses no such condition as would render the city liable on the ground that it had created or maintained a nuisance. We think it clear beyond question that the evidence, considered

most favorably to the plaintiff's contention under his second count, fails to show that the defendant was guilty of creating or maintaining any nuisance on this playground. Therefore, the trial justice was not in error in directing a verdict under the second count of the declaration.

For these reasons we need not discuss the other points which counsel have sought to raise and argue in their briefs, including the rule of damages, the question whether the deceased's father may bring such an action under the statute for losses to the date of his son's majority, or whether the operation of such a playground comes within the doctrine of governmental function. The substantial and adequate answer to all of the pertinent issues in the instant case is that, upon the view of the evidence most favorable to the plaintiff, he has failed to establish any condition of actionable nuisance, and has failed to establish that the decedent was free of contributory negligence, even if we assume that he had established negligence on the part of the defendant.

In each case all of the exceptions of the plaintiff are overruled, and each case is remitted to the superior court for entry of judgment on the verdict as directed.

*Voigt, Wright, Munroe & Clason, James J. Fogarty, Jr.,* for plaintiffs.

*Daniel E. Geary,* City Sol., *John T. Walsh,* Asst. City Sol., for defendant.